**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-162-MOC
(3:16-cr-100-MOC-DSC-3)**

| | |
|---|---|
| **ERICK YAHIR RODRIGUEZ-SALOMON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.     BACKGROUND**

Petitioner Erick Yahir Rodriguez-Salomon pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(b)(1)(A), 846. (Crim. Case No. 3:16cr100, Doc. No. 14 at 1: Indictment; Doc. No. 63 at 4: Presentence Report ("PSR")). Petitioner agreed, among other things, that the "amount of methamphetamine that was known to or reasonably foreseeable by the Defendant was at least five hundred (500) grams." (Id., Doc. No. 34 at 2: Plea Agreement). In exchange for this guilty plea, the Government agreed to move to dismiss three additional counts with which Petitioner had been charged, one of which carried a statutory mandatory minimum prison term of five years, consecutive to any other punishment, 18 U.S.C. § 924(c)(1)(A)(i). (Id., Doc. No. 14 at 2; Doc. No. 34 at 1). As part of

1

his plea agreement, Petitioner waived his right to appeal his sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 34 at 5).

Magistrate Judge Cayer accepted Petitioner's guilty plea after conducting the colloquy called for by Federal Rule of Criminal Procedure 11(b). (Id., Doc. No. 90: Tr. of June 2, 2016, Plea and Rule 11 Hearing). Petitioner was represented by counsel and placed under oath. (Id. at 2). He told the Court that he fully understood the charges against him and, after consulting with his attorney, he wanted the Court to accept his guilty plea. (Id. at 2-4). Petitioner told the Court that he understood he had a right "to plead not guilty, to have a speedy trial before a judge and jury, to summon witnesses to testify in [his] behalf, . . . to confront the witnesses against [him]," and to have the assistance of counsel at his trial. (Id. at 6). He told the Court that he understood that, by pleading guilty, he was "waiving or giving up those rights" and there would "be no trial." (Id.). He also told the Court that he was "in fact guilty" of the count to which he was pleading guilty. (Id.).

Petitioner affirmed, among other things, that he understood that the right to appeal his sentence was expressly waived in his plea agreement. (Id. at 11). He told the Court that nobody had "threatened, intimidated, or forced" him to "enter a guilty plea today." (Id. at 11-12). He told the Court he was "satisfied with the services of [his] attorney." (Id. at 12). He also told the Court that he "heard and understood all parts of [the] proceeding" and still "wish[ed] to plead guilty." (Id.). Based on the statements of Petitioner and his attorney during the plea colloquy, Judge Cayer found Petitioner's plea of guilty to have been "knowingly and voluntarily made" and accepted it. (Id. at 13).

Before sentencing Petitioner, this Court reviewed the plea colloquy proceeding. (Id., Doc. No. 91 at 2-4: Oct. 11, 2016 Sentencing Tr.). The Court addressed Petitioner directly, and

Petitioner told this Court that he "absolutely" told the truth during his plea colloquy. (Id. at 3). He further told this Court that if it asked him the plea colloquy questions the day of his sentencing, his answers would be the same. (Id.). Without objection, this Court affirmed Judge Cayer's finding "that the defendant's plea was knowingly and voluntarily made" and his acceptance of Petitioner's guilty plea. (Id. at 4).

The Court sentenced Petitioner to 210 months' imprisonment, at the low end of the 210-262 sentencing guidelines range and below the statutory maximum of life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 846. (Id. at 49, 51, 57-58). Among other things, this Court found that Petitioner had earned a three-offense level reduction under the guidelines for acceptance of responsibility. (Id. at 7).

The Fourth Circuit dismissed Petitioner's appeal after finding the waiver in his plea agreement valid and enforceable. United States v. Rodriguez-Salomon, No. 17-4033 (4th Cir. June 5, 2017). The United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 2, 2017. Rodriguez-Salomon v. United States, 138 S. Ct. 155 (Oct. 2, 2017). Petitioner filed his timely Section 2255 motion on April 2, 2018. (Doc. No. 1). The Government filed its Response on June 6, 2018, and Petitioner filed a Reply on July 26, 2018. (Doc. Nos. 6, 9).

Petitioner has alleged three categories of claims. First, although he pleaded guilty, he has alleged as grounds "I," "II," and "III" that his attorney was constitutionally deficient for failing to require the Government to bear burdens of the kind that it would at trial. (Doc. No. 1 at 14-18). Second, Petitioner alleges that his attorney's performance was deficient at sentencing because his attorney did not attack the methamphetamine sentencing guidelines as flawed. (Id. at 18-19). Finally, he alleges that this Court erred when it assigned him two criminal-history points

for his prior escape conviction because this Court should have properly applied the "modified categorical approach." (Id. at 20).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

To prevail on a theory of ineffective assistance of counsel, Petitioner must establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689 (1984). He must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Petitioner pleaded guilty, to establish prejudice affecting his conviction, he must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1964 (2017).

In evaluating claims under Section 2255, statements made by a defendant under oath at a plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). As the Fourth Circuit has made clear, "courts must be able to rely on the defendant's statements made under

4

oath during a properly conducted Rule 11 plea colloquy," and Section 2255 claims that contradict a petitioner's plea colloquy are deemed "patently frivolous or false," except in extraordinary circumstances. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000) (holding a defendant is bound by his representations during the plea colloquy "[a]bsent clear and convincing evidence to the contrary").

**A. Petitioner's Claims of Ineffective Assistance of Counsel Before Sentencing**

The allegations that Petitioner presents as grounds "I," "II," and "III" concern alleged failures by his attorney to put the Government to its burden of proof at trial and its burden to establish the propriety of evidence against him. He alleges that his attorney was deficient for failing "to put the government's case through an adversarial testing" and should have required the Government to prove the existence of a methamphetamine-trafficking conspiracy in which he "knowingly and voluntarily participated." (Doc. No. 1 at 15). He alleges that his attorney failed to challenge "Mr. Salomon's jail calls" as not "sufficiently authenticated" and "unlawfully intercepted." (Id. at 16). He also speculates that a confidential informant possessed unspecified "exculpatory information" and alleges that his attorney should have done more to challenge the informant's "credibility and reliability." (Id. at 16-17).

These allegations are without merit because Petitioner chose to plead guilty instead of putting the Government to its burden of proof at trial. Counsel was not unreasonable for failing to put the Government to its burden to prove a conspiracy because Petitioner's guilty plea to conspiracy relieved the Government of that burden. Moreover, the Government never sought to introduce jail calls against Petitioner. Therefore, his attorney would not have been deficient for failing to challenge those calls, even if Petitioner's allegations about them included more than

5

rank speculation.  Similarly, because Petitioner elected not to put the Government to its burden of proof, the Government was not required to establish the "credibility and reliability" of any confidential informant, and Petitioner's attorney was not unreasonable to the extent he declined to demand that the Government do so.  (Id. at 16-17).  Petitioner does not explain what he thinks his attorney should have done differently based on his conclusory and speculative assertion that the informant "perchance possessed" unspecified "exculpatory information."  (Id. at 18).  He therefore has not alleged any facts to support a Brady claim.  Hill v. Mitchell, 842 F.3d 910, 925 (6th Cir. 2016) ("[T]he basis for a Brady claim is the evidence that was being suppressed—not a suspicion that something was being suppressed.").  He also points to nothing suggesting any information that his attorney could have compelled the Government to disclose that the Government did not properly disclose in discovery.

Petitioner received significant benefits from his guilty plea, including the dismissal of a count that included a mandatory consecutive sentence and an adjustment under the sentencing guidelines for acceptance of responsibility.  Because Petitioner knowingly and voluntarily chose to relieve the Government of its burden to prove his guilt or introduce evidence against him at trial, his attorney was not deficient to the extent he did not act inconsistently with his client's decision.

Even if Petitioner could somehow establish that his "attorney's representation amounted to incompetence under 'prevailing professional norms,'" Harrington v. Richter, 562 U.S. 86, 105 (2011), he has not established prejudice in the form of a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Lee, 137 S. Ct. at 1964.  Petitioner has also failed to allege facts that would meet his burden to

establish that "the decision to go to trial" would have been "objectively reasonable."[1] United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012). "[W]hen the Government's case is strong," the Fourth Circuit has explained, "a defendant faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial." Santiago, 632 F. App'x at 774. Petitioner's presentence report explains that the evidence against Petitioner included his own confession to picking up large quantities of methamphetamine from his girlfriend and "selling at least 8,126.15 grams (or 8.126 kilograms) of 'ice.'" (Crim. Case No. 3:16cr100, Doc. No. 63 at 5-6). Petitioner's girlfriend also confessed to trafficking large quantities of methamphetamine. (Id.). A confidential informant who had purchased methamphetamine from Petitioner's girlfriend had told police that the girlfriend had taken over Petitioner's drug-trafficking business when Petitioner was arrested. (Id. at 5). A search of the residence Petitioner shared with his girlfriend recovered methamphetamine, a scale, handgun box, and handgun holsters. (Id. at 5-6). And another drug-trafficker, Pedro Torres Gonzalez, stated that Petitioner and his girlfriend had taken over Gonzalez's large-quantity methamphetamine-trafficking business. (Id. at 5-6). Petitioner identifies nothing that suggests that the case against him was anything other than strong. Santiago, 632 F. App'x at 774.

Not only was the case against Petitioner strong, the plea agreement he entered was highly favorable. Petitioner was both an illegal alien and a convicted felon. The presentence report indicates that police found a gun and a bag of United States currency during a search of a car

---

[1] Petitioner did not argue in his original motion to vacate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. In his Reply, however, he asserts this argument for the first time, but he has not proven his burden as to this contention. The Court further notes that, despite his contention in his Reply that this Court did not address all of the claims raised in the original motion to vacate, the Court did, in fact, address all of the claims he raised.

7

Petitioner was driving. (Crim. Case No. 3:16cr100, Doc. No. 63 at 4-5). Police found firearm accessories and methamphetamine in Petitioner's house. (Id.). Petitioner's landlord told police that he was attempting to evict Petitioner and his girlfriend and had taken possession of a foldable rifle and discarded numerous grams of methamphetamine. (Id.). Notwithstanding this evidence, the Government agreed to dismiss charges of possession of a firearm by an illegal alien, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking offense, the last of which carries a consecutive mandatory minimum sentence. (Id., Doc. No. 14 at 2; Doc. No. 34 at 1). Petitioner also received a three-offense-level adjustment for acceptance of responsibility that he probably would not have received if he had proceeded to trial. See U.S.S.G. § 3E1.1, cmt. (n.2) ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). The practical consequence of Petitioner's "decision to plead guilty rather than going to trial is that [Petitioner] got a shorter prison term than otherwise.'" Santiago, 632 F. App'x at 775. "That decision certainly did not prejudice [Petitioner]." Id. Because Petitioner cannot establish prejudice from any of the conduct by his attorney he describes as grounds I, II, or III of his 2255 motion, he cannot establish ineffective assistance of counsel. See id.

### B. Petitioner's Claim of Ineffective Assistance of Counsel at Sentencing

Petitioner also alleges that his attorney was deficient for failing to object to the advisory sentencing guidelines that concern methamphetamine offenses as "flawed." (Doc. No. 1 at 18-19). See United States v. Hayes, 948 F. Supp. 2d 1009, 1015 (N.D. Iowa 2013) (noting that only a "few federal judges" have "expressed a disagreement with the methamphetamine guidelines). The argument is even more of a long shot when judged from Petitioner's "counsel's perspective

8

at the time" he was sentenced in October 2016. The Sentencing Commission revised the Guidelines for methamphetamine and other drugs in 2014. U.S.S.G. App. C (Supp.) (Amendment 782). Courts "do not penalize attorneys for failing" to bring "long-shot contentions." United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014). Moreover, any theory that such an argument would have been persuasive and resulted in a lower sentence requires counterintuitive speculation. This Court explicitly considered all of the relevant sentencing factors under 18 U.S.C. § 3553(a) when imposing Petitioner's sentence and determined that 210 months was appropriate. (Crim. Case No. 3:16cr100, Doc. No. 91 at 56-58). This Court explicitly considered the seriousness of the drug involved, calling it a "poison" that causes permanent damage to "anybody you [give] it to." (Id.). No reasonable probability exists that Petitioner would have received a more favorable sentence if his attorney had launched a long-shot attack on the sentencing guidelines themselves.

### C. Petitioner's Challenge to the Two Criminal-history Points He Received under the Advisory Guidelines for His Prior Escape Conviction

Petitioner next contends that this Court should have applied the "modified categorical approach" and declined to assign two criminal-history points to his prior conviction for escape. This contention is without merit. (Doc. No. 1 at 7-8). First, errors in determining a defendant's Guideline range are not cognizable under 28 U.S.C. § 2255 because they are not constitutional, jurisdictional, or fundamental. United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Second, Petitioner did not raise his "modified categorical-approach" argument before this Court or on direct appeal, and his procedural default bars this argument under section 2255. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). He has not attempted to, and cannot, demonstrate either "cause and prejudice, or actual innocence," as would be required to overcome

the procedural-default bar. Id. Finally, Petitioner's argument is meritless. He received two points for his prior escape conviction because it gave rise to a "prior sentence of imprisonment of at least sixty days" not counted elsewhere. U.S.S.G. § 4A1.1(b). (Crim. Case No. 3:16cr100, Doc. No. 63 at 9). The "modified categorical approach"—an approach for matching elements of real-world offenses with those of generic crimes described in statutes and Guidelines, see Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)—has nothing to do with his receipt of those two points.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 27, 2018



Max O. Cogburn Jr.
United States District Judge