# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-162-MOC
# (3:16-cr-100-MOC-DSC-3)

| | | |
|---|---|---|
| ERICK YAHIR RODRIGUEZ-SALOMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration on Order on Motion to Vacate Sentence." (Doc. No. 12).

## I. BACKGROUND AND DISCUSSION

Petitioner Erick Yahir Rodriguez-Salomon pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(b)(1)(A), 846. (Crim. Case No. 3:16cr100, Doc. No. 14 at 1: Indictment; Doc. No. 63 at 4: Presentence Report ("PSR")). Petitioner agreed, among other things, that the "amount of methamphetamine that was known to or reasonably foreseeable by the Defendant was at least five hundred (500) grams." (Id., Doc. No. 34 at 2: Plea Agreement).

In exchange for this guilty plea, the Government agreed to move to dismiss three additional counts with which Petitioner had been charged, one of which carried a statutory mandatory minimum prison term of five years, consecutive to any other punishment, 18 U.S.C. § 924(c)(1)(A)(i). (Id., Doc. No. 14 at 2; Doc. No. 34 at 1). As part of his plea agreement,

1

Petitioner waived his right to appeal his sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 34 at 5). The Court sentenced Petitioner to 210 months' imprisonment, at the low end of the 210-262 sentencing guidelines range and below the statutory maximum of life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 846. (Id. at 49, 51, 57-58). Among other things, this Court found that Petitioner had earned a three-offense level reduction under the guidelines for acceptance of responsibility. (Id. at 7).

On April 2, 2018, Petitioner filed the underlying motion to vacate under 28 U.S.C. § 2255. This Court denied Petitioner's claims on the merits with prejudice on July 27, 2018. (Id., Doc. No. 10). As the Court noted in its order denying the motion to vacate, Petitioner raised three categories of claims. First, although he pleaded guilty, he alleged as grounds "I," "II," and "III" that his attorney was constitutionally deficient for failing to require the Government to bear burdens of the kind that it would at trial. (Doc. No. 1 at 14-18). Second, Petitioner alleged that his attorney's performance was deficient at sentencing because his attorney did not attack the methamphetamine sentencing guidelines as flawed. (Id. at 18-19). Finally, he alleged that this Court erred when it assigned him two criminal-history points for his prior escape conviction because this Court should have properly applied the "modified categorical approach." (Id. at 20).

Petitioner filed the pending motion for consideration on August 10, 2018, in which he argues that neither the Government nor the Court considered all of the claims he raised in his original motion to vacate. The motion to reconsideration will be denied. The Court did address all of the claims raised in Petitioner's motion to vacate, including his claim that counsel's performance was deficient for failing to put the Government's case through adversarial testing on conspiracy and that a two-point enhancement was applied to Petitioner's criminal history based on a prior

2

escape. In Petitioner's Reply, which was stamp-filed in this Court one day before the Court denied his motion to vacate, Petitioner raised, for the first time, a claim that he should not have received a two-point gun enhancement under the sentencing guidelines. This claim was not in his original motion to vacate, nor did he amend the motion to vacate to raise this claim. Even if he had, however, the claim would be denied. That is, the Government's agreement to dismiss the charge of possession of a firearm by a convicted felon did not preclude the Government from seeking a sentencing enhancement based on Petitioner's gun possession. Accord United States v. Logan, Crim. No. 3:00cr68, 2009 WL 322139, at *2 (W.D.N.C. Feb. 10, 2009). Moreover, in his plea agreement, Petitioner agreed to the two-point gun enhancement under U.S.S.G. 2D1.1((b)(1). (Crim. Case No. 3:16cr100, Doc. No. 24 at 2). Since he agreed to the two-point weapon enhancement, Petitioner cannot now argue that he would not have pled guilty if he had known that he was going to receive the enhancement.

II.     CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion to reopen.

**IT IS, THEREFORE, ORDERED** that:

Petitioner's "Motion for Reconsideration on Order on Motion to Vacate Sentence, (Doc. No. 12), is **DENIED**.

Signed: December 12, 2018

Max O. Cogburn Jr.
United States District Judge